# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DIANE L. SCHLOFF,**

        **Plaintiff,**

   vs.                                        Case No. 05-C-0679

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

        **Defendant.**

## DECISION AND ORDER

        Diane Schloff ("Schloff") has filed an action in which she seeks this Court's review of a final decision by the Commissioner of Social Security, Jo Anne B. Barnhart. Schloff complains of several errors on the part of the Commissioner, the substance of which are largely for another day. First, she has moved the Court for permission to proceed *in forma pauperis*.

        To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(a) & (e)(2). If the litigant fails either of these criteria, leave to proceed *in forma pauperis* will be denied.

        It is clear that Schloff is unable to pay the costs of commencing this action. Schloff is not employed and her only source of income is $112.00 per month from the Waukesha County

Basic support program. Schloff's reserves are low, too, with only $60.00 in a checking account and $20.00 in cash (at the time she filed her petition). She owns no real estate, vehicles, stocks, bonds, or any other property for that matter. Though Schloff lives in government housing and owes no rent until November 2005, she pays $30.00 (more than 25% of her income) towards Medicaid copayments every month. She also makes monthly payments of $60.00 to pay down a $4500 credit card balance. Schloff's minimal resources are stretched thin and she cannot afford to pay the cost of commencing this action.

It is also clear that Schloff's action is not frivolous or malicious, nor does it fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Schloff seeks review of a final decision of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). She claims that the Commissioner's conclusions and findings of fact are not supported by substantial evidence and are contrary to law. She also claims that no credibility determination was made and that the record was not properly developed at the administrative hearing, where Schloff represented herself. *See Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991) ("A well-settled proposition regarding social security disability hearings is that it is a basic obligation of the ALJ to develop a full and fair record. . . . More importantly . . . where the disability benefits claimant is unassisted by counsel, the ALJ has a duty scrupulously and conscientiously to probe into, inquire of, and explore for all the relevant facts." (quotations and citations omitted)). Schloff's claims do not run afoul of any of the standards of § 1915(e)(2).

-2-
Case 2:05-cv-00679-WEC   Filed 07/14/05   Page 2 of 3   Document 12

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Schloff's Application and Affidavit for Leave to Proceed *In Forma Pauperis* [Docket No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order on the defendants pursuant to Rule 4 of the Federal Rules of Civil procedure.

Dated at Milwaukee, Wisconsin this 14th day of July, 2005.

                                            **BY THE COURT**

                                            **s/ Rudolph T. Randa**
                                            **Hon. Rudolph T. Randa**
                                            **Chief Judge**